# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSON R. CARROLL, | : | Case No. 2:25-cv-712 |
| | : | |
| Plaintiff, | : | District Judge James L. Graham |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| SGT. MICHAEL *et al*., | : | |
| | : | |
| Defendants. | : | |

## ORDER GRANTING IFP APPLICATION AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN THIRTY (30) DAYS

Plaintiff, a prisoner who is incarcerated at the Knox County Jail in Mount Vernon, Ohio, and who is proceeding without the assistance of counsel, has submitted a civil rights complaint. (Doc. 1-2). He has also filed an application to proceed *in forma pauperis* and without the prepayment of fees (Docs. 1; 3, 5), as well as a motion for summary judgment seeking supporting information for the *in forma pauperis* application (Doc. 4). The case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and General Order 22-05 regarding assignments and references to United States Magistrate Judges. The pending motions and a preliminary matter regarding Plaintiff's Complaint are addressed below.

**I.      Application to Proceed *In Forma Pauperis***

Plaintiff's *in forma pauperis* application (Docs. 1; 3; 5) is **GRANTED**. It is **ORDERED** that Plaintiff be allowed to prosecute this action without prepayment of fees

or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

Plaintiff is required to pay the full amount of the Court's $350 filing fee.  28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1914.  Because he is permitted to proceed *in forma pauperis*, Plaintiff is not required to pay the Court's $55 administrative fee.  *See* Judicial Conference Schedule of Fees, No. 14 (issued in accordance with 28 U.S.C. § 1914), available at https://www.uscourts. gov/services-forms/fees/district-court-miscellaneous-fee-schedule.  Plaintiff's Application, however, reflects that that he does not have sufficient funds to pay the entire filing fee in full at this time.

In accordance with section 804(a)(3) of the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to his prison account or the average monthly balance in his account for the six-month period immediately preceding the filing of the complaint.  After payment of the initial partial filing fee, Plaintiff is further required to make monthly payments of 20 percent of the preceding month's income credited to his prison account until he pays the full amount of the $350 filing fee.  28 U.S.C. § 1915(b)(2).

The custodian of Plaintiff's inmate trust account at the institution of his residence is therefore **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of:

(a) the average monthly deposits to the inmate trust account; or

      (b) the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

28 U.S.C. § 1915(b)(1).  If Plaintiff does not currently possess the funds to pay the initial filing fee, the amount assessed shall be collected from Plaintiff's account when such funds become available.  28 U.S.C. § 1915(b)(4).  Even if the account balance is less than $10, the custodian must still forward payments to the Clerk of Court to pay the initial filing fee.

Once the initial partial filing fee is paid, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account if, during that month, the balance of that account exceeds $10, until the full fee of $350 has been paid.  28 U.S.C. § 1915(b)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  If Plaintiff is transferred to another institution, the current custodian should forward this Order to that institution so that the new custodian of Plaintiff's account can collect and remit the monthly partial payment.  Checks are to be made payable to "Clerk, U.S. District Court" and sent to:

      **Prisoner Accounts Receivable**
      **260 U.S. Courthouse**
      **85 Marconi Boulevard**
      **Columbus, Ohio 43215**

<u>The prisoner's name and this case number must be included on each remittance.</u>

**II.     Motion for Summary Judgment**

Plaintiff's motion for summary judgment (Doc. 4) seeks information to support his application to proceed *in forma pauperis*.  In light of the Court having granted Plaintiff's application to proceed *in forma pauperis*, Plaintiff's motion for summary judgment (Doc. 4) is **DENIED as moot**.

**III.    Plaintiff Is Directed To File An Amended Complaint**

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the next step in this case is an initial screening of Plaintiff's Complaint, which is required because Plaintiff is both a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and proceeding *in forma pauperis*.  28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2).

However, Plaintiff's Complaint is sparse and relies primarily on attached exhibits.  Further, his allegations are conclusory and are not connected with any Defendant.  (*See* Doc. 1, at PageID 5).  "Claims that are not associated with any particular defendant fail to state a claim upon which relief can be granted[.]"  *Sweet v. Ghosh*, No. 17-cv-1363, 2018 WL 460105, at *3 (S.D. Ill. Jan. 16, 2018) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  And although a Complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court will grant Plaintiff an opportunity to file an Amended Complaint that clarifies his claims.  *See Foman v. Davis,* 371 U.S. 178, 182 (1962) (noting that leave to amend a complaint should be "freely given when justice so requires").  The Amended

4

Complaint should state the facts in support of Plaintiff's claims (what happened), the names and specific actions of the Defendants (the persons who caused harm or injury and what they did or failed to do), and the relief requested (what Plaintiff wants the Court to do). Plaintiff must file the Amended Complaint within **THIRTY (30) DAYS** from the date of this Order. If Plaintiff requires additional time to comply, then he should file a motion for extension of time. If Plaintiff does not file an Amended Complaint, then the Court will screen the existing Complaint under 28 U.S.C. § 1915 to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a Defendant who is immune from such relief.

    The **Clerk of Court** is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. Plaintiff is reminded that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

    **IT IS SO ORDERED.**


August 22, 2025                                                   */s/ Caroline H. Gentry*
Date                                                               Caroline H. Gentry
                                                                           UNITED STATES MAGISTRATE JUDGE