**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| JOSON R. CARROLL, | : | Case No. 2:25-cv-712 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge James L. Graham |
| | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| SGT. MICHAEL *et al*., | : | |
| | : | |
| Defendants. | : | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, a pro se prisoner who was incarcerated at the Knox County Jail (hereinafter "Jail"), in Mount Vernon, Ohio, at the time he filed this case and is currently incarcerated by the Ohio Department of Rehabilitation and Corrections ("ODRC"), sues two corrections officials at the Jail under 42 U.S.C. § 1983 for alleged violations of his civil rights.  (Doc. 1-2).  Plaintiff has been granted leave to proceed *in forma pauperis* by separate Order.  (Doc. 6).

Because Plaintiff's original Complaint was sparse, relied primarily on attached exhibits, and contained allegations that were conclusory and not connected to either Defendant, the Court granted Plaintiff 30 days to file an Amended Complaint that set forth his claims in more detail.  (Doc. 6 at PageID 58-59).  The Court also advised Plaintiff that should he not file an Amended Complaint within the prescribed time period, the Court would screen the initial Complaint as required by the Prison Litigation Reform Act.  (*Id*. at PageID 59).

To date, more than 30 days later, Plaintiff has not filed an Amended Complaint.[1] Therefore, the Court turns to the Complaint that was initially filed to perform the required screen.  28 U.S.C. § 1915(e)(2)(B) & § 1915A(b).

### A.      Legal Standard

Because Plaintiff is a prisoner, and is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any part of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b).  Complaints by pro se litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys.  *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).  But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented."  *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  But the Court is not required to accept factual allegations that are "clearly irrational or wholly incredible."  *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

---

[1] Additionally, Plaintiff has not filed a "Notice of New Address" as ordered by the Court on November 18, 2025.  (Doc. 9).

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although "detailed factual allegations" are not required, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 662 (internal quotation and quotation marks omitted).  In the end, "basic pleading essentials" are still required.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### B.    The Complaint

The allegations in the Complaint, quoted in their entirety, are as follows:

> On the dates herein I the plaintiff Joson R. Carroll was assaulted in his cell and never given medical treatment never given use of force investigation notice or w[]itness statement.
>
> These actions violate the plaintiff[']s 1st Amendment right to p[eti]tion the Government for redress of grievance violati[o]n due to not being given to make w[]itness statement.
>
> [F]i[f]th the dep[ri]v[ati]on of life' liberty and pursuit of hap[p]iness without due process of law[.]
>
> 8th cruel and unusual punishment inflicted.

(Doc. 1-2, at PageID 13).  For relief, Plaintiff seeks monetary damages and injunctive relief in the form of requiring Jail officials to wear body cameras.  (*Id*. at PageID 24).

### C.    Analysis

Based on the above factual allegations, the Court understands Plaintiff to bring claims for violations of his right to petition the government under the First Amendment to

the United States Constitution, to due process under the Fourteenth Amendment,[2] and to be free from cruel and unusual punishment under the Eighth Amendment.  For the following reasons, the undersigned recommends that the Complaint be dismissed.

### 1.      Plaintiff's Section 1983 Claims

To maintain an action under section 1983, Plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived Plaintiff of some right secured by the Constitution or laws of the United States.  *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)).

To the extent that Plaintiff sues Defendants in their individual capacities, the Complaint fails to provide any factual content or context from which the Court may reasonably infer that the named Defendants violated Plaintiff's rights.  "Claims that are not associated with any particular defendant fail to state a claim upon which relief can be granted[.]" *Sweet v. Ghosh*, No. 17-cv-1363, 2018 WL 460105, at *3 (S.D. Ill. Jan. 16, 2018) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Although a Complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  Because Plaintiff fails to link his allegations to either of the Defendants or provide more

---

[2] While it appears that Plaintiff may rely on the Fifth Amendment for his due process claims (*see* Doc. 1-2, at PageID 13), he has sued only state actors.  *See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 543 n.21 (1987) (noting that the Fourteenth Amendment applies to state actors, while actions of the federal government are reviewed under the Fifth Amendment).  Accordingly, the Court will construe Plaintiff's due process claim as seeking relief under the Fourteenth Amendment.

than mere conclusions, he has failed to plead plausible constitutional claims against Defendants.  *See id*.

To the extent that Plaintiff sues Defendants in their official capacities, such claims are in reality claims against Knox County, the entity for which the Court understands Defendants to be employed.  *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978).  Plaintiff does not allege that his constitutional rights were violated pursuant to a Knox County policy.  *See id.* at 690.  Nor does Plaintiff allege facts from which the Court may infer a failure-to-train claim against Knox County.  To state a failure-to-train claim against the County, Plaintiff must allege "prior instances of unconstitutional conduct demonstrating that the municipality had ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury."  *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation, quotation marks, and brackets omitted).  Here, Plaintiff does not allege any facts indicating that the County knew of prior unconstitutional conduct on the part of Jail staff. Accordingly, any failure-to-train claim must fail as to the County.  *See id.*

The above analysis is not changed by the fact that Plaintiff attaches exhibits to his Complaint.  "A plaintiff cannot simply attach and reference exhibits as a substitute for presenting factual allegations in the body of a complaint."  *Beilgard v. City of Coffman Cove*, No. 1:25-CV-5, 2025 WL 2403192, at *3 (D. Alaska Aug. 18, 2025).  This is because "sifting through … prison documents and formulating claims on Plaintiff's behalf crosses the line between liberal construction and essentially advocating on Plaintiff's behalf."  *Ricker v. California Dept. of Corr. Med. Dept.*, No. 1:09-CV-1433,

5

2010 WL 55879, at *4 (E.D. Cal. Jan. 4, 2010). *See also Graham v. Felty*, No. 1:25-CV-464, 2025 WL 3759278, at *1 (S.D. Ohio Dec. 30, 2025), *report and recommendation adopted,* 2026 WL 737354 (S.D. Ohio Mar. 16, 2026) ("The Court declines to comb through the exhibits to raise new claims or make legal arguments for Plaintiff.") (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998)).

Plaintiff's section 1983 claims against Defendants should therefore be dismissed for failure to state a claim upon which relief can be granted.

### 2. *Plaintiff's Claims for Injunctive Relief*

Next, because Plaintiff is no longer incarcerated at the Jail—the place where the alleged violations of his rights occurred—his requests for injunctive relief against Defendants should be dismissed because they are moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). "Underlying th[is] rule is the premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct." *McMurry v. Brown*, No. 2:20-CV-58, 2020 WL 3118567, at *3 (W.D. Mich. June 12, 2020) (citing *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). As Plaintiff is currently housed in the ODRC and is not under the control of the Defendants, he cannot show a reasonable expectation that he is in immediate danger of sustaining direct future injury from them. *Id.*; *see also Roberson v. Jackson*, No. 6:20-CV-188, 2022 WL 17546960, at *4 (E.D. Tex. Jan. 24, 2022), *report and recommendation adopted*, 2022 WL 17080741 (E.D. Tex. Nov. 18, 2022) (finding the plaintiff's requests for injunctive relief concerning alleged use-of-force and medical

6

claims moot upon his transfer to new facility); *Lowe v. Oppy*, No. 2:14-CV-535, 2015 WL 1439345, at *3 (S.D. Ohio Feb. 10, 2015), *report and recommendation adopted*, 2015 WL 1439325 (S.D. Ohio Mar. 27, 2015) ("Accordingly, the Court's entry of equitable relief on behalf of Plaintiff would have no effect on Defendants' actions towards him because Defendants perform their duties at an institution where Plaintiff is no longer incarcerated."); *Miller v. Fisher*, No. 14-CV-2266, 2015 WL 1402323, at *1 (D. Md. Mar. 24, 2015) (finding the plaintiff's request that cameras be installed throughout the prison to have been rendered moot by his transfer away from that facility).

Therefore, Plaintiff's injunctive relief claims should also be dismissed as moot.

### IT IS THEREFORE RECOMMENDED THAT:

1.      The Court **DISMISS** Plaintiff's Complaint (Doc. 1-2) **WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b); *see also Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015).

2.      The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).

### IT IS THEREFORE ORDERED THAT:

1.      The **CLERK OF COURT** send a copy of this Order and Report and Recommendation to Plaintiff at his address contained in the Court's docket record and to his name and inmate number at the North Central Correctional Complex, P.O. Box 1812, 670 Marion-Williamsport Road East, Marion, Ohio 43301, the location indicated on the

7

ODRC website. *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/ A847662.


May 1, 2026                                  */s/  Caroline H. Gentry*
                                             Caroline H. Gentry
                                             UNITED STATES MAGISTRATE JUDGE


## <u>PROCEDURE ON OBJECTIONS</u>

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8